IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
UNITED STATES OF AMERICA,   )
                            )
v.                          )     CASE NO. CR412-017
                            )
LEONARDO L. MCMILLAR,       )
                            )
     Defendant.             )
                            )
```

## O R D E R

Before the Court is Defendant's Rule 60(b)(6) Motion for Procedural Error (Doc. 100), to which the Government opposes (Doc. 101). In his motion, Defendant argues that this Court "plainly erred" by applying sentencing enhancements. (Doc. 100 at 2.) After careful review, the Court finds that Defendant's motion must be **DISMISSED**.

First, Defendant cannot attack his criminal judgment through Federal Rule of Civil Procedure 60. United States v. Barber, No. 14-14304-DD, 2015 WL 1534073, at *1 (11th Cir. Feb. 17, 2015); United States v. Zuluaga, 192 F. App'x 944, 945 (11th Cir. 2006). Second, it is clear from Defendant's motion that he is not seeking relief from this Court's final order in his habeas case, but instead advancing new arguments about the imposition of his criminal sentence. While "a Rule 60(b) motion may raise a 'defect in the integrity' of a § 2255 proceeding, such as the court's failure to reach the merits of a claim," a

Rule 60(b) motion "may not raise a new claim for relief from the judgment of conviction and may not attack the post-conviction court's prior resolution of a claim on the merits." Pease v. United States, 768 F. App'x 974, 976 (11th Cir. 2019). In his 28 U.S.C. § 2255 petition, Defendant raised a claim that his guilty plea must be vacated due to the Government's failure to disclose that the lead prosecutor and case agent engaged in an extramarital affair during the time Defendant faced prosecution. (Doc. 75 at 3.) Defendant argued that the failure to provide him with such information prior to his change of plea constituted a violation of Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L.E.2d 215 (1963). (Id.) However, in his Rule 60(b) motion, Defendant now attacks his criminal sentence on the basis that this Court erred in applying the sentence enhancements. A motion pursuant to Federal Rule of Civil Procedure 60 is not the appropriate vehicle for such a challenge. Accordingly, Defendant's motion (Doc. 100) is **DISMISSED**.

SO ORDERED this **30th** day of July 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA