IN The United States District Court
For The Southern District of Georgia
Savannah Division

Leonardo L. McMillar
   Petitioner

VS.

United States of America
   Respondent

Case No. CR 412-017

Reply To The Government's Response In Opposition To Fed. R. Civi. P. 60(b)

    McMillar asserts that the district Court should not deny his motion for the three independent reasons that are set forth by the Government in (its) opposition.

    First, McMillar argues that the Court should resentence without the erroneous enhancements, where the Court committed a procedural error as a matter of Law pursuant to the 599 amendment, by applying a four-level enhancement under 2k2.1(b)(5), whereas he had already entered a plea of guilty to Count-5 of the Indictment for: Carrying a Firearm during/in relation to a drug trafficking offense. Under the 599...

amendment it Clearly States:

IF the explosive or weapon that was possessed, branished, used or discharged in the Course of the underlying offense also results in conviction that would subject the defendant to an enhancement Under 2k1.3(b)(3) (pertaining to possession of explosive material in Connection with another Felony Offense) or 2k2.1(b)(5)(pertaining to possession of any Firearm or ammunition in Connection with another Felony Offense), do not apply that enhancement.

Now, as for the two-level enhancement under 2k2.1(b)(4)(A), there is no evidence in the record to support that enhancement for a "Stolen Firearm", there's no Complaint, Serial number in the report to support a Stolen Firearm theory, So therefore an error was Committed, by applying the two level enhancement for a Stolen Firearm.

Government Further States: but Civil Rule 60 "does not provide for relief from Judgment in a Criminal Case. McMillar Cites: Supreme Court ruling Buck V Davis 137 S.Ct. 759 197 L.Ed. 2d. 1 (2017)(In Buck it makes Clear: that a Fed. R. Civi. P. 60(b), providing that a Court may lift a Judgment for any reason that Justifies relief. McMillar also Cites: longstanding Supreme Court ruling, Martinez V Ryan 132 S.Ct. 1309 182 L.Ed.2d. 272 (2012)(what must be

page-2

Shown are "extraordinary Circumstances", where without such relief, an extreme and unexpected hardship would occur. Martinez and Buck are both Criminal Case.

McMillar asserts pursuant to the extraordinary Circumstance requirement, he argues that it would be extraordinary for the Court to deprive him of his Life, Liberty to be Free, where the Law has made it clear pursuant to the Circumstances under the 599 amendment that pursuant to 2k2.1(b)(5) ( pertaining to possession of any FireArm or ammunition in Connection with another Felony Offense), do not apply that enhancement.

McMillar argues that it would a Manifest of injustice not to Vacate his Sentence and remand for resentencing without the two-level enhancement for a Stolen FireArm and the Four-level enhancement for Trafficking FireArms.

In Closing .... McMillar asserts that the government has acknowledge in their response that: IF the prisoner Files a Subsequent motion asserting Some error in that ruling, it is a legitimate Civil rule 60(b) motion.

McMillar asserts that he has pointed out two legitimate errors in the ruling, in his Case, where the Court erred as a matter of Law, by enhancing his base offense level, by two-levels for Stolen FireArm, where there is no evidence stated

page-3

in the record that supports the existence of a stolen Firearm and his base offense level was enhanced, by another additional Four-levels For Trafficking Firearms, where the retroactive applicable 599 amendment prohibits enhancing the Sentence For 2k2.1(b)(5).

McMillar respectfully requests that relief be granted upon Facts and Conclusion of Laws that he has made a legitimate showing of two errors in the ruling, of his Case, which enhanced his Sentence and Cause him to be deprived of his Life and Liberty to be Free Under Fifth, and Eighth amendment under the Constitution.

### Conclusion

With Respect McMillar asks that this Honorable Vacate and Remand For Resentencing without the two erroneous enhancements pursuant to 2k2.1(b)(4)(A) and 2k2.1(b)(5).

## Certificate of Service

I Leonardo L. McMillar hereby Certify that I have placed the Forgoing motion in the United States postal Service here at F.C.I. Jesup For mailing purposes to the address Stated below:

Date July/30/2020

United States Attorney
Southern District of Georgia
P. O. Box 8970
Savannah GA, 31412

Respectfully Submitted
Leonardo L. McMillar
Reg no. 17318-021
Federal Correctional Institution
2680 Hwy 301 South
Jesup GA, 31599

/s/ Leonardo L. McMillar

page-5

Leonardo L. McMiller - 17318-021
Federal Correctional Institution
2680 Hwy 301 South
Jesup GA, 31599

7019 0140 0000 5126 4622

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**



7019 0140 0000 5126 4622

RECEIVED

U.S. Marshals Service
Savannah, Georgia

⇔17318-021⇔
Clerk Of Courts
125 BULL ST
3rd Floor
Savannah, GA 31405
United States











31401-976277



Legal mail