IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. CR412-017 |
| | ) |
| LEONARDO LEVETTE MCMILLAR, | ) |
| | ) |
| Defendant. | ) |

### O R D E R

Before the Court is Defendant Leonard Levette McMillar's Motion to Modify Sentence (Doc. 104), which the Government opposes (Doc. 105). For the following reasons, Defendant's motion (Doc. 104) is **DENIED**.

In April 2012, Defendant pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. 922(g)(1), and carrying a firearm during or in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). (Doc. 38.) Defendant was sentenced to 180 months' imprisonment. (Doc. 48 at 2.) Defendant appealed his sentence and challenged the Court's application of the sentencing guidelines. (Doc. 50.) In May 2013, the Eleventh Circuit affirmed Defendant's sentence imposed by this Court. (Doc. 57 at 2.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Jesup Federal Correctional Institute located in Jesup, Georgia, with a projected release date of December 2, 2024. See

BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on November 23, 2020).

Defendant now moves the Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 104 at 1.) Defendant contends the Court improperly added a firearm sentence enhancement when calculating Defendant's guideline range in violation of Amendment 599 to the United States Sentencing Guidelines. (Id. at 4-5.) 18 U.S.C. § 3582(c)(2) allows the district court to modify the sentence of a prisoner "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Amendment 599 was made effective by the United States Sentencing Commission on November 1, 2000. U.S.S.G. App. C., Vol. II, Amend. 599. Accordingly, Amendment 599 was in effect at the time of Defendant's sentencing on September 18, 2012 and therefore cannot operate to reduce his sentence under 18 U.S.C. § 3582(c)(2). See United States v. Owens, 325 F. App'x 765, 766 (11th Cir. 2009); United States v. Johnson, 330 F. App'x 901, 902 (11th Cir. 2009).

Defendant argues that "if Amendment 599 was made retroactively applicable to cases which preceded its enactment, what would legally follow is Amendment 599 would likewise be prospectively applicable . . . ." (Doc. 106 at 3.) Defendant is

2

correct that Amendment 599 was applicable to his sentencing; however, this only proves that the Sentencing Commission did not subsequently lower the sentencing range for Defendant's offenses, as is required by § 3582(c)(2). As the Government points out, Defendant is actually arguing that his sentence was invalid at the time it was imposed. (Doc. 105 at 4.) The proper vehicle for these types of claims is a motion to vacate or set aside sentence pursuant to 28 U.S.C. § 2255. United States v. Llewelyn, 879 F.3d 1291, 1296 (11th Cir. 2018). As a result, Defendant's motion to modify sentence (Doc. 104) is **DENIED**.

SO ORDERED this 24th day of November 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA